FILED
2017 May-11  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
3/30/2017 4:32 PM
01-CV-2017-901295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama | **COVER SHEET** | Cas |
| Unified Judicial System | **CIRCUIT COURT - CIVIL CASE** | 01 |
| Form ARCiv-93   Rev.5/99 | (Not For Domestic Relations Cases) | Date of Filing:     Judge Code:<br>03/30/2017 |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CATHERINE GREEVER v. TEXAS ROADHOUSE, INC.

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| BUC027 | 3/30/2017 4:32:40 PM | /s/ RACHEL C BUCK |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
5/8/2017 4:32 PM
01-CV-2017-901295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

CATHERINE GREEVER, an individual,  )
 )
 )
     Plaintiffs,  )
 )
v.  )   Civil Action No.
 )
TEXAS ROADHOUSE, INC. a foreign  )
corporation licensed to do business and  )
engaged in doing business in the County  )
of Jefferson, State of Alabama  )
 )

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership any and all types of corporations and unincorporated associations. The symbol by which these parties, Defendant is designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity". In the present action, the party Defendant whom the Plaintiff must include by descriptive characterization are as follows:

**No. 1**, whether singular or plural, person or persons, individual or individuals, entity or entities, Plaintiff hereby intending to designate the entity known only to the Plaintiff as **TEXAS ROADHOUSE, INC.;**
**No. 2**, whether singular or plural, that entity or those entities, who or which owned, maintained or had any interest in the premises known as **TEXAS ROADHOUSE, INC.;**
**No. 3**, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;
**No. 4**, whether singular or plural, that entity or those entities who or which were contracted to clean and maintain the premises including but not limited to the floors of the premises involved in the occurrence made the basis of this lawsuit;
**No. 5**, whether singular or plural, that entity or those entities, the persons, corporations, or other legal entities who designed and constructed the premises known as **TEXAS ROADHOUSE, INC.;**
**No. 6,** whether singular or plural, that entity or those entities, the persons, corporation or other legal entities which were responsible for and who built the premises known as **TEXAS ROADHOUSE, INC.;**
**No. 7**, whether singular or plural, that entity or those entities, the persons, corporations, and other legal entities who were the managers, owners, employees or who were charged with or undertook to insure a safe and hazard-free premises;

**No. 8**, whether singular or plural, that entity or those entities, the persons, corporations, or other legal entities who had responsibility for or undertook cleaning, inspection or otherwise were responsible for maintenance and cleanliness of the area where the Plaintiff was injured;

**No. 9**, whether singular or plural, that entity or those entities, including, but not limited to general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit;

**No. 10**, whether singular or plural, that entity or those entities, who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious parties defendant listed or named herein;

**No. 11**, whether singular or plural, that entity or those entities whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint;

**No. 12**, whether singular or plural, that entity or those entities other than entities described above, which is the successor in interest of any of those entities described above;

Plaintiff avers that the identities of the fictitious party defendants (#1-12) herein is otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff their identities as proper parties defendant is not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained,                                        )
                                                                                            )
          Defendants.                                                  )

# C O M P L A I N T

## PARTIES

COME NOW, the Plaintiff, CATHERINE GREEVER, an individual, by and through her attorneys, Frank S. Buck, J. Brooks Leach, and Rachel C. Buck, and represents unto this Honorable Court the following:

1.      The Plaintiff, CATHERINE GREEVER, is over the age of nineteen years and is a resident citizen of the City of Hoover, County of Jefferson, State of Alabama.

2.      The Defendant, TEXAS ROADHOUSE, INC., a foreign corporation licensed to do business and engaged in doing business in the County of Jefferson, State of Alabama

## COUNT ONE

### NEGLIGENCE

3.      Plaintiff adopts by reference the factual allegations contained in the foregoing Paragraphs of this Complaint as if the same were set forth at this point *in extenso*.

2

4.      The Plaintiff alleges that on or about May 30, 2015, Plaintiff, Catherine Greever, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60 Drivers Way, in the City of Pelham, County of Jefferson, State of Alabama,  and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

5.      The Plaintiff further alleges that on said date and at said place, the Plaintiff, CATHERINE GREEVER, was caused to slip and fall, thereby causing serious personal injuries.

6.      The Plaintiff further alleges that on said date and at said place, Defendant, TEXAS ROADHOUSE, INC.,  and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently maintained the area where the Plaintiff, CATHERINE GREEVER, was injured and negligently failed to insure a safe and hazard-free premises in the area where the Plaintiff, CATHERINE GREEVER, was injured.

7.      The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), had a duty to provide a safe, secure and hazard-free establishment for patrons, including the Plaintiff, CATHERINE GREEVER, on said premises.

8.      The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants, designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), were negligent in their maintenance of the area where the Plaintiff, CATHERINE GREEVER,  was injured, and that the Defendant's negligence rendered said area a hazard and otherwise

3

dangerous condition for individuals, including the Plaintiff, CATHERINE GREEVER, utilizing the area.

9.      The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of the public about such dangers.

10.     The Plaintiff further alleges that as a direct and proximate result of aforesaid negligence, on the part of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), CATHERINE GREEVER, was proximately caused to suffer injuries and other damages, to wit:

      a.      Plaintiff was caused to suffer various injuries;
      b.      Plaintiff was caused to seek medical treatment in and about efforts to heal and cure her injuries and will be caused to incur additional bills in the future;
      c.      Plaintiff was caused to incur medical bills, hospital bills, doctors' bills and prescription expenses in an effort to cure her injuries and will be caused to incur additional bills in the future;
      d.      Plaintiff was caused to suffer physical pain and discomfort;
      e.      Plaintiff was caused to suffer mental anguish, distress and embarrassment.
      f.      Plaintiff was caused to suffer severe and permanent injuries and damages.
      g.      Plaintiff was caused to suffer permanent physical impairment.
      h.      Plaintiff was caused to suffer lost wages.
      i.      Plaintiff was caused to undergo surgery for her injuries.

11.     The Plaintiff avers that on said occasion, the negligence of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), combined and concurred, to proximately cause the Plaintiff's injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be determined and assessed by the trier of fact, in compensatory damages for Defendant's negligence, plus interest and costs of this litigation.

## COUNT TWO
### WANTONNESS

12.     Plaintiff adopts by reference the factual allegations contained in the foregoing Count of this Complaint as if the same were set forth as this point *in extenso*.

13.     The Plaintiff alleges that on or about May 30, 2015, Plaintiff, CATHERINE GREEVER, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60 Drivers Way, City of Birmingham, County of Jefferson, State of Alabama, and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

14.     The Plaintiff further alleges that on said date and at said place, the Plaintiff, CATHERINE GREEVER, was caused to slip and fall, thereby causing her serious personal injuries.

5

15.     The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), wantonly caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of the public about such dangers.

16.     As a direct and proximate consequence of the wantonness of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), the Plaintiff, CATHERINE GREEVER, was caused to suffer the injuries and damages aforesaid.

17.     Plaintiff avers that the wanton conduct of the Defendant and those defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), combined and concurred to proximately cause the Plaintiff's injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be determined and assessed by the trier of fact, in punitive damages, for Defendant's wanton conduct plus interest and costs of this litigation.

## COUNT THREE

### NEGLIGENT HIRING/TRAINING AND SUPERVISION

18.       Plaintiff adopt by reference the factual allegations contained in the foregoing

Count of this Complaint as if the same were set forth as this point *in extenso*.

19.       The Plaintiff alleges that on or about May 30, 2015, Plaintiff, CATHERINE

GREEVER, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60

Drivers Way, City of Birmingham, County of Jefferson, State of Alabama, and those Defendants

designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff

at this time but will be added by amendment when ascertained).

20.       The Plaintiff further alleges that on said date and at said place, the Plaintiff,

CATHERINE GREEVER, was caused to slip and fall, thereby causing his serious personal

injuries.

21.       The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC.,

and those Defendants designated as fictitious parties #1-12, (whose true and correct names are

unknown to the Plaintiff at this time but will be added by amendment when ascertained),

negligently and/or wantonly caused and/or allowed an inherently dangerous condition to exist on

said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of

the public about such dangers.

22.       At the aforesaid time and place and while the Plaintiff was on the premises of the

Defendant, the Defendant undertook to hire, supervise and control the manner and method on

which the Defendant and Defendant's employees were to maintain the premises.

23.       The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC.,

and those defendants designated as fictitious parties #1-12, (whose true and correct names are

7

unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently and/or wantonly supervised and controlled the manner in which the Defendant maintains the floor of the premises, causing the Plaintiff to slip and fall resulting in the injuries and damages described herein.

24.     The Plaintiff avers that her injuries and damages were proximately caused the Defendant's negligent and/or wanton hiring, training, supervision and control of Defendant's premises and  employees who were charged with maintaining said premises and the method and manner in which the Defendant maintained the premises, resulting in Plaintiff's injuries and damages stated herein.

25.     As a proximate result of the Defendant's negligent and/or wanton hiring, training, supervision and control of Defendant's premises  and its employees and the method and manner in which the Defendant  and its employees maintained the premises, the Plaintiff was injured and damages as set out herein.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be determined and assessed by the trier of fact, including compensatory and punitive damages, plus interest and costs of this litigation.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY**

/s/ J. Brooks Leach
FRANK S. BUCK (BUC001)
RACHEL C. BUCK (BUC027)
J. BROOKS LEACH (LEA009)
Attorneys for Plaintiff

8

**OF COUNSEL:**
FRANK S. BUCK, P.C.
2160 14th Avenue South
P.O. Box 55089
Birmingham, Alabama 35205
(205) 933-7533

**Plaintiff Address:**
Catherine Greever
$^{C}/_{O}$ Frank S. Buck, P.C.
2160 14th Avenue South
Birmingham, Alabama 35205


## DEFENDANT TO BE SERVED BY CERTIFIED MAIL


**Defendant's Address:**
Texas Roadhouse, Inc.
c/o CSC Laywers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

9

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| CATHERINE GREEVER, an individual, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. |
| | ) |
| TEXAS ROADHOUSE, INC. a foreign | ) |
| corporation licensed to do business and | ) |
| engaged in doing business in the County | ) |
| of Jefferson, State of Alabama | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR CERTIFIED MAIL

      Pursuant to Rule 4.1 (c) of the *Alabama Rules of Civil Procedure*, I hereby request that the attached documents be served on the Defendant named above by certified mail.


DATE: <u>March 30, 2017</u>                <u>/s/ J. Brooks Leach</u>
                                   FRANK S. BUCK (BUC001)
                                   RACHEL C. BUCK (BUC027)
                                   J. BROOKS LEACH (LEA009)
                                   Attorneys for Plaintiff


**OF COUNSEL:**
FRANK S. BUCK, P.C.
2160 14th Avenue South
Post Office Box 55089
Birmingham, Alabama 68588-5089
Telephone:    (205) 933-7533
Facsimile:    (205) 933-7545

10

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   TEXAS ROADHOUSE, INC.

   C/O CSC LAWYERS INC. SVS.
   150 SOUTH PERRY ST.

   MONTGOMERY, AL 36104

   01/2017  90/295  s/c

   9590 9402 2179 6193 6872 27

2. Article Number *(Transfer from service label)*

   7016 0340 0000 7882 9096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

                                   APR 1 0 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ _____ Mail
   Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING#

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2179 6193 6872 27

**United States**
**Postal Service**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 13 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4 in this box

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203

ELECTRONICALLY FILED
5/8/2017 5:47 PM
01-CV-2017-901295.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| CATHERINE GREEVER, an individual, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Civil Action No. CV-17-901295 |
| | ) |
| TEXAS ROADHOUSE, INC. a foreign | ) |
| corporation licensed to do business and | ) |
| engaged in doing business in the County | ) |
| of Jefferson, State of Alabama | ) |
| | ) |

Defendants.

## AMENDED C O M P L A I N T

COME NOW, the Plaintiff, CATHERINE GREEVER, an individual, by and through undersigned counsel and amends her original complaint correcting the County in which the incident made the basis of Plaintiff's complaint occurred as follows:

Plaintiff's original complaint filed on or about March 30, 2017 incorrectly stated that the incident made the basis of Plaintiff's complaint occurred in Jefferson County Alabama. Plaintiff amends her complaint substituting Shelby County, Alabama in all places of the original complaint with incorrectly state that the incident occurred in Jefferson County, AL.

Plaintiff reaffirms each and every allegation in Plaintiff's original complaint as set out below.

## PARTIES

1.    The Plaintiff, CATHERINE GREEVER, is over the age of nineteen years and is a resident citizen of the City of Hoover, County of Jefferson, State of Alabama.

2.     The Defendant, TEXAS ROADHOUSE, INC., a foreign corporation licensed to do business and engaged in doing business in the County of Shelby, State of Alabama

## COUNT ONE

### NEGLIGENCE

3.     Plaintiff adopts by reference the factual allegations contained in the foregoing Paragraphs of this Complaint as if the same were set forth at this point *in extenso*.

4.     The Plaintiff alleges that on or about May 30, 2015, Plaintiff, Catherine Greever, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60 Drivers Way, in the City of Pelham, County of Shelby, State of Alabama, and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

5.     The Plaintiff further alleges that on said date and at said place, the Plaintiff, CATHERINE GREEVER, was caused to slip and fall, thereby causing serious personal injuries.

6.     The Plaintiff further alleges that on said date and at said place, Defendant, TEXAS ROADHOUSE, INC.,  and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently maintained the area where the Plaintiff, CATHERINE GREEVER, was injured and negligently failed to insure a safe and hazard-free premises in the area where the Plaintiff, CATHERINE GREEVER, was injured.

7.     The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), had a

duty to provide a safe, secure and hazard-free establishment for patrons, including the Plaintiff, CATHERINE GREEVER, on said premises.

8.    The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants, designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), were negligent in their maintenance of the area where the Plaintiff, CATHERINE GREEVER,  was injured, and that the Defendant's negligence rendered said area a hazard and otherwise dangerous condition for individuals, including the Plaintiff, CATHERINE GREEVER, utilizing the area.

9.    The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of the public about such dangers.

10.    The Plaintiff further alleges that as a direct and proximate result of aforesaid negligence, on the part of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), CATHERINE GREEVER, was proximately caused to suffer injuries and other damages, to wit:

   a.    Plaintiff was caused to suffer various injuries;
   b.    Plaintiff was caused to seek medical treatment in and about efforts to heal and cure her injuries and will be caused to incur additional bills in the future;

3

    c.      Plaintiff was caused to incur medical bills, hospital bills, doctors' bills and prescription expenses in an effort to cure her injuries and will be caused to incur additional bills in the future;

    d.      Plaintiff was caused to suffer physical pain and discomfort;

    e.      Plaintiff was caused to suffer mental anguish, distress and embarrassment.

    f.      Plaintiff was caused to suffer severe and permanent injuries and damages.

    g.      Plaintiff was caused to suffer permanent physical impairment.

    h.      Plaintiff was caused to suffer lost wages.

    i.      Plaintiff was caused to undergo surgery for her injuries.

11.    The Plaintiff avers that on said occasion, the negligence of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), combined and concurred, to proximately cause the Plaintiff's injuries and damages as set out above.

    **WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be determined and assessed by the trier of fact, in compensatory damages for Defendant's negligence, plus interest and costs of this litigation.

## COUNT TWO

### WANTONNESS

12.    Plaintiff adopts by reference the factual allegations contained in the foregoing Count of this Complaint as if the same were set forth as this point *in extenso*.

13.    The Plaintiff alleges that on or about May 30, 2015, Plaintiff, CATHERINE GREEVER, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60

4

Drivers Way, City of Birmingham, County of Shelby, State of Alabama, and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

14.     The Plaintiff further alleges that on said date and at said place, the Plaintiff, CATHERINE GREEVER, was caused to slip and fall, thereby causing her serious personal injuries.

15.     The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), wantonly caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of the public about such dangers.

16.     As a direct and proximate consequence of the wantonness of the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), the Plaintiff, CATHERINE GREEVER, was caused to suffer the injuries and damages aforesaid.

17.     Plaintiff avers that the wanton conduct of the Defendant and those defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), combined and concurred to proximately cause the Plaintiff's injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown

5

to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be determined and assessed by the trier of fact, in punitive damages, for Defendant's wanton conduct plus interest and costs of this litigation.

## COUNT THREE

### NEGLIGENT HIRING/TRAINING AND SUPERVISION

18.     Plaintiff adopt by reference the factual allegations contained in the foregoing Count of this Complaint as if the same were set forth as this point *in extenso*.

19.     The Plaintiff alleges that on or about May 30, 2015, Plaintiff, CATHERINE GREEVER, was an invitee on the premises of TEXAS ROADHOUSE, INC., located at 60 Drivers Way, City of Birmingham, County of Shelby State of Alabama, and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

20.     The Plaintiff further alleges that on said date and at said place, the Plaintiff, CATHERINE GREEVER, was caused to slip and fall, thereby causing his serious personal injuries.

21.     The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those Defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently and/or wantonly caused and/or allowed an inherently dangerous condition to exist on

said premises and failed to warn the Plaintiff, CATHERINE GREEVER, or other members of the public about such dangers.

22.     At the aforesaid time and place and while the Plaintiff was on the premises of the Defendant, the Defendant undertook to hire, supervise and control the manner and method on which the Defendant and Defendant's employees were to maintain the premises.

23.     The Plaintiff further alleges that the Defendant, TEXAS ROADHOUSE, INC., and those defendants designated as fictitious parties #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), negligently and/or wantonly supervised and controlled the manner in which the Defendant maintains the floor of the premises, causing the Plaintiff to slip and fall resulting in the injuries and damages described herein.

24.     The Plaintiff avers that her injuries and damages were proximately caused the Defendant's negligent and/or wanton hiring, training, supervision and control of Defendant's premises and  employees who were charged with maintaining said premises and the method and manner in which the Defendant maintained the premises, resulting in Plaintiff's injuries and damages stated herein.

25.     As a proximate result of the Defendant's negligent and/or wanton hiring, training, supervision and control of Defendant's premises  and its employees and the method and manner in which the Defendant  and its employees maintained the premises, the Plaintiff was injured and damages as set out herein.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, demands judgment against the Defendant and fictitious Defendants #1-12, (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) in an amount to be

determined and assessed by the trier of fact, including compensatory and punitive damages, plus interest and costs of this litigation.

## PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

/s/ Rachel C. Buck
FRANK S. BUCK (BUC001)
RACHEL C. BUCK (BUC027)
J. BROOKS LEACH (LEA009)
Attorneys for Plaintiff

**OF COUNSEL:**
FRANK S. BUCK, P.C.
2160 14th Avenue South
Post Office Box 55089
Birmingham, Alabama 68588-5089
Telephone:      (205) 933-7533
Facsimile:      (205) 933-7545

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 8TH     day of May 2017 served a copy of the foregoing upon all counsel of record, and Pro Se parties by either using ALAFILE, the CM/ECF system, facsimile, hand delivery and/or by placing a copy of the same in the United states Mail, First Class Postage Prepaid to the following:

Texas Roadhouse, Inc. (Pro se)
c/o CSC Laywers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

/s/ Rachel C. Buck
OF COUNSEL
