## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHERINE GREEVER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:17-cv-00770-ACA** |
| | ] | |
| **TEXAS ROADHOUSE INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

After falling in a restroom at a restaurant, Plaintiff Catherine Greever filed suit against Texas Roadhouse, LLC[1] ("Texas Roadhouse"), asserting claims for negligence ("Count One"), wantonness ("Count Two"), and negligent hiring, training, and supervision ("Count Three"). (Doc. 1-1 at 4, 7, 9; Doc. 9). Texas Roadhouse has moved for summary judgment on Counts Two and Three. (Doc. 39). The court **GRANTS** the motion and **ENTERS SUMMARY JUDGMENT** in favor of Texas Roadhouse and against Ms. Greever on Counts Two and Three because she has not presented any evidence creating a genuine dispute of material fact about Texas Roadhouse's liability on those claims. Count One will proceed to trial.

---

[1] Texas Roadhouse contends that its actual name is "Texas Roadhouse Holdings, LLC." (Doc. 39 at 1).

## I.  BACKGROUND

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).  Taken in that light, while at Texas Roadhouse for dinner, Ms. Greever went to the ladies restroom.  (Doc. 39-5 at 12, 14).  The restroom had tile flooring and, at the entrance, a floor mat.  (*Id.* at 15).  Although Ms. Greever did not see this in the moment, there was water on, under, and in front of the mat.  (*Id.* at 16–17).  As she crossed the threshold to the restroom, she put part of her left foot on the mat and fell to the ground.  (Doc. 39-5 at 23).

A Texas Roadhouse employee happened to be in a stall in the bathroom when Ms. Greever fell.  (Doc. 39-5 at 18).  After emerging from the stall, the unidentified employee offered to call 911 and went to get Ms. Greever's boyfriend from the table.  (*Id.* at 19; Doc. 39-4 at 4–5).  Ms. Greever's boyfriend eventually took her to the emergency room.  (Doc. 39-4 at 12).

Texas Roadhouse has a policy requiring "everyone" employed there to conduct "regular[ ]" restroom checks.  (Doc. 41-6 at 10, 13).  Part of the restroom check involves making sure the floor is dry and that mats are in good condition. (*Id.*).  During discovery in this case, Ms. Greever asked Texas Roadhouse for documentation "relat[ing] to any inspection of the ladies restroom."  (Doc. 41-5 at

3). Texas Roadhouse responded that it was "not in possession of any such documents." (*Id.*).

## II. DISCUSSION

Texas Roadhouse moves for summary judgment only as to Counts Two and Three. (Doc. 39). In deciding a motion for summary judgment, the court must first determine if the parties genuinely dispute any material facts, and if they do not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party may prevail if it can show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### 1. Count Two (Wantonness)

Under Alabama law, "wantonness" is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 101 (Ala. 2010) (quotation marks omitted). "To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Id.* (quotation marks omitted).

Texas Roadhouse contends that it is entitled to summary judgment on Ms. Greever's wantonness claim because she has not presented any evidence that Texas Roadhouse consciously disregarded her safety or that it knew its acts or omissions would make her injuries likely or probable. (Doc. 39-1 at 6–9). Ms. Greever responds that she has presented evidence that Texas Roadhouse's employees failed to inspect the restroom, establishing conscious disregard for her safety. (Doc. 42 at 16–20).

Ms. Greever has not presented any evidence that Texas Roadhouse employees failed to inspect the restroom. Instead, she has presented evidence that when asked if Texas Roadhouse had records of such inspections, Texas Roadhouse said it did not. (*See* Doc. 41-5 at 3). A lack of evidence of inspections is not the same as evidence of no inspections. The court cannot make a reasonable inference from the evidence before it that employees failed to inspect the restroom.

Ms. Greever also argues that whether Texas Roadhouse was on notice of the danger inherent in the wet tiled flooring of the restroom is a question for the jury because the court can infer from the evidence that a Texas Roadhouse employee affirmatively created the dangerous condition. (Doc. 42 at 18–23). To the contrary, Ms. Greever has presented absolutely no evidence about how the water came to be on the floor of the restroom. The court cannot make a reasonable inference from the mere existence of water on the floor that a Texas Roadhouse

4

employee put that water there. *Compare Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463 (Ala. 1992) (holding that the evidence supported an inference that the store's employee caused the dangerous condition because the plaintiff testified that she saw an employee setting out wet vegetables and then fell walking through the same area a couple minutes later).

Because Ms. Greever has not presented any evidence from which the court could infer facts that would support a wantonness claim, the court **GRANTS** Texas Roadhouse's motion for summary judgment on Count Two.

### 2. Count Three (Negligent Hiring, Training, and Supervision)

"[F]or an employer to be liable for the negligent hiring, training, retention, and supervision of its employee, the plaintiff must also prove 'wrongful conduct' on the part of the employee." *Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010) (collecting cases).

Texas Roadhouse contends that it is entitled to summary judgment on her negligent hiring, training, and supervision claim because Ms. Greever has not presented any evidence that any employee acted wrongfully or incompetently or what practices Texas Roadhouse used in hiring or supervising its employees.[2] (Doc. 39-1 at 9–10). The court agrees.

---

[2] Texas Roadhouse also argues that the court should grant summary judgment on Ms. Greever's "wanton hiring, training, an[d] supervision claim." (Doc. 39-1 at 10). Ms. Greever responds that she did not raise any such claim; her only claim relating to hiring, training, and supervision is one of negligence. (Doc. 42 at 6–7, 23). Given Ms. Greever's

Ms. Greever has presented no evidence that any Texas Roadhouse employee engaged in any wrongful conduct; even taken in the light most favorable to Ms. Greever, all the evidence shows is that she fell on the restroom's wet flooring. The court cannot reasonably infer that any Texas Roadhouse employee acted wrongfully based on that evidence.

Ms. Greever does not dispute that she has failed to satisfy her burden at summary judgment. Instead, she contends that Texas Roadhouse failed to identify the employees who witnessed her fall and the aftermath, and that without testimony from those employees, genuine disputes of fact exist about their training and competence. (Doc. 42 at 24–25). In essence, she says that because she did not obtain the evidence she requested, her claim must survive summary judgment. That is not the standard. Instead, when the movant has pointed out the lack of evidence to support the nonmovant's case, the nonmovant must either present some evidence or some reason why she cannot present that evidence. *See* Fed. R. Civ. P. 56(d) (permitting the court to defer consideration of a motion if the nonmovant shows that she "cannot present facts essential to justify [her] opposition"); *Celotex Corp.*, 477 U.S. at 325.

Near the end of her brief, Ms. Greever requests that the court defer consideration of the motion to allow for additional discovery. (Doc. 42 at 25).

---

concession that she is not raising a wanton hiring, training, and supervision claim, the court will not address that nonexistent claim.

Even assuming that a request made in the depths of a response brief is properly before the court, the court will not defer consideration of the motion for summary judgment at this point. The evidence Ms. Greever submitted shows that on November 5, 2017, Texas Roadhouse gave Ms. Greever the names of each employee working at the restaurant on the evening that she fell. (Doc. 41-4 at 3–4, 10). Ms. Greever has not explained why she could not have noticed depositions of those employees and obtained the information she sought from them.

In addition, the evidence shows that from July through September 2018—while the parties were actively engaged in discovery—Ms. Greever's attorney wrote a series of letters to defense counsel complaining about the deposition given by Texas Roadhouse's corporate representative. (*See* Doc. 41-10 at 9–20). In a number of those letters, counsel discussed filing a motion to compel so that he could obtain the information he sought. (*See id.*). But he never filed any such motion to compel, and discovery closed on October 31, 2018, after the court had granted two extensions of the discovery period. (*See* Docs. 33, 38). Texas Roadhouse filed its motion for summary judgment on December 3, 2018, and Ms. Greever filed her response—in which she seeks deferral of a ruling on the motion—on December 28, 2018. (Docs. 39, 42).

A Rule 56(d) request to defer consideration of a motion for summary judgment is not a substitute for completing discovery in a timely manner—even

when faced with a recalcitrant opposing party. The court finds that Ms. Greever has not shown that she "cannot present facts essential to justify [her] opposition" to the motion for summary judgment. *See* Fed. R. Civ. P. 56(d). If, as her attorney argues, Texas Roadhouse was withholding information or otherwise failing to comply with her proper discovery requests, she had a remedy of which she was aware: a request that the court resolve the dispute. She did not take advantage of that remedy, and did not bring any issues with discovery to the court's attention until after discovery had closed and Texas Roadhouse had submitted its motion for summary judgment.

Because Ms. Greever has not presented any evidence creating a genuine dispute of material fact on her claim that Texas Roadhouse negligently hired, trainer, and supervised its employees, the court **GRANTS** Texas Roadhouse's motion for summary judgment on Count Three.

## III. CONCLUSION

The court **GRANTS** Texas Roadhouse's motion for summary judgment and **ENTERS SUMMARY JUDGMENT** in favor of Texas Roadhouse and against Ms. Greever on Counts Two and Three.

Count One will proceed to trial.

**DONE** and **ORDERED** this March 12, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE